UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA M., ) | |
| ) | |
| Plaintiff, ) | No. 20-cv-3987 |
| ) | |
| v. ) | Magistrate Judge Susan E. Cox |
| ) | |
| KILILO KIJAKAZI, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Theresa M.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability benefits. The parties have filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary judgment (Dkt. 19) is DENIED and Defendant's motion for summary judgment (Dkt. 24) is GRANTED. The decision of the Commissioner is affirmed.

**I.    Background**

Plaintiff filed for disability insurance benefits and supplemental security income on December 29, 2010, alleging a disability onset date of June 21, 2005. (Administrative Record ("R.") 11.) Plaintiff's application was denied initially and upon reconsideration. (R. 15.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on April 11, 2012. (R. 11.) On May 25, 2012, ALJ David Skidmore issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 11-21.)

Plaintiff appealed that decision to the United States District Court for the Northern District

---

[1]    In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2]    Plaintiff filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security (Dkt. 19), which this Court construes as a motion for summary judgment.

of Illinois. On March 20, 2019, Judge Ellis remanded the case for further proceedings. (R. 513.) Among the reasons Judge Ellis found remand was warranted, she ruled the ALJ had erred by failing to account for the effect of Plaintiff's mild limitation in concentration, persistence, or pace on her residual functional capacity ("RFC"). (R. 524.) Judge Ellis wrote: "the ALJ's failure to discuss and incorporate this mild limitation in his RFC analysis and to determine what impact it had on [Plaintiff's] ability to perform her previous relevant work is grounds for remand." *Id*. Notably, Judge Ellis did not find that Plaintiff, in fact, had a mild limitation in concentration, persistence, or pace, and instead took "the ALJ's analysis at step two as established and addresse[d] only the ALJ's alleged error in the RFC analysis at step four." (R. 523.)

On remand, another hearing was held before the ALJ on January 16, 2020. On March 13, 2020, the ALJ issued another opinion finding that Plaintiff was not disabled under the Social Security Act, following the five-step analytical process required by 20 C.F.R. § 416.920. (R. 379-394.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from June 21, 2005, through August 1, 2013.[3] (R. 382.) At Step Two, the ALJ found that Plaintiff had the severe impairments of cervical degenerative disc disease, mild sensorimotor polyneuropathy in the bilateral upper extremities, facet syndrome, spinal stenosis, spondylosis of the lumbar spine, and obesity. *Id*. The ALJ also concluded that Plaintiff's "medically determinable impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (R. 383.) In making this finding, the ALJ noted "on *de novo* review, the undersigned finds that the claimant has no limitation in concentration, persistence or pace, which is consistent with no mental limitations in the residual functional capacity, and thus alleviates the need for further analysis as to how claimant's

---

[3] In a separate filing, Plaintiff was found disabled as of August 2, 2013. (R. 546.) As such, this appeal only considers whether Plaintiff was disabled from June 2, 2005, through August 1, 2013.

depression would limit claimant's residual functional capacity." (R. 385.) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 385-86.) Before Step Four, the ALJ found that Plaintiff had the RFC to perform sedentary work between June 21, 2005, and August 1, 2013, with the following limitations: occasionally climbing ramps and stairs, but never climbing ladders, ropes, or scaffolds; occasionally kneeling and crouching; frequently handling and fingering. (R. 386.) At Step Four, the ALJ determined Plaintiff was capable of performing her past relevant work as a Customer Service Representative. (R. 392.) Because of these determinations, the ALJ did not need to reach Step Five, and found Plaintiff not disabled under the Social Security Act. (R. 394.)

  One of the primary issues raised in this case is the nature of Plaintiff's past relevant work, and whether she is capable of performing it. In her Adult Disability Report dated February 4, 2011, Plaintiff reported she had worked as a Senior Operations Clerk from 1984 through 2005; she wrote that the job required her to sit for seven hours per day, walk one hour per day, stand zero hours per day, never lift more than 10 pounds, and frequently lift less than 10 pounds. (R. 196-97.) At her first hearing before the ALJ in April 2012, she testified she was typing for 80-85 percent of the workday, and that she did not have the option of getting up and moving around because she had to be on the phone and "plugged in" for a large portion of her day. (R. 41, 51.)

  At her second hearing on January 16, 2020, Plaintiff claimed her job was more physically demanding than she had previously stated. She said her previous testimony that she would type for 80-85 percent of the day was "not exactly" accurate. (R. 462.) She reported that her job involved a significant amount of standing to make copies (R. 415), and that her previous description of her job duties was a result of her attempt to "simplify." (R. 471-72.) She estimated she would spend one or two days per week on her feet doing extra copying for special projects at work. (R. 415.)

She further explained she often had to lift and move boxes of copy paper, which would weigh more than 10 pounds. (R. 475.) She also noted that toward the end of her tenure, she was often doing training for other employees, which required her to stand for extended periods of time. (R. 410-411.) At the hearing, the Vocational Expert ("VE") testified that the copying and training responsibilities constituted approximately 20-30% of Plaintiff's job duties, and that it would take 40% of an individual's time to qualify as a "composite job." (R. 456.)

As noted above, the ALJ ruled that Plaintiff was capable of performing her past relevant work. The ALJ found that Plaintiff's "past several years of her employment was a composite job of Trainer and Customer Service Representative," which qualified as light work, and, therefore, "was eliminated by the above [RFC]." (R. 393.) However, because "there was also a period of time when the claimant was solely performing work as a Customer Service Representative," which was a sedentary job, Plaintiff was capable of performing her past relevant work. *Id*. The ALJ rejected Plaintiff's argument that her job constituted a composite job of Customer Service Representative and Office Helper. *Id*. Although the ALJ determined that Plaintiff's testimony she performed Office Helper tasks one or two days per week would exceed the threshold necessary to meet the requirements for a composite job, he found that testimony "inconsistent with the totality of the evidence in the record." *Id*. Among the reasons cited by the ALJ supporting the finding, he noted the evidence provided in her initial Adult Disability Report and her previous testimony that she typed for 80-85 percent of the day. *Id*.

II.     **Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon

substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

**III.    Discussion**

Plaintiff raises three issues she contends require remand, none of which the Court finds persuasive: 1) the ALJ failed to follow Judge Ellis's prior order regarding Plaintiff's mild limitation in concentration, persistence, or pace; 2) the ALJ failed to properly support his finding that Plaintiff could perform her past relevant work; and 3) the ALJ erred in his credibility assessment. (Dkt. 19.)

First, Plaintiff argues that the law of the case doctrine required the ALJ to analyze Plaintiff's mild limitations in concentration, persistence, or pace, because Judge Ellis had decided Plaintiff had such a limitation for purposes of Step Two. However, Plaintiff's argument is based on a faulty premise; Judge Ellis did not make any such finding. Instead, Judge Ellis took "the ALJ's analysis at step two as established" before moving on to the Step Four analysis which served as the basis for remand. (R. 523.) In other words, Judge Ellis was assuming without deciding that the ALJ's Step Two analysis was correct, but found the Step Four analysis ignoring Plaintiff's mild limitation was reversible error. Crucially, Judge Ellis did not implicitly or explicitly rule that Plaintiff had a

5

mild limitation in concentration, persistence, or pace, and the rule of the case doctrine does not apply. *See Zamora-Miller v. Mukasey*, 514 F. 3d 679, 695 (7th Cir. 2008) ("once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case.") Because the ALJ was not bound by the law of the case doctrine, he was not required to find that Plaintiff had a mild limitation in concentration, persistence, or pace, and was free to find she had no limitation on *de novo* review. Having made such a finding, the ALJ correctly deduced that it vitiated "the need for further analysis as to how claimant's depression would limit claimant's residual functional capacity." (R. 385.) As such, the Court rejects this argument and denies Plaintiff's motion on these grounds.

Second, Plaintiff argues the ALJ failed to support his finding that Plaintiff was capable of performing her past relevant work. Initially, the Court notes that the ALJ adequately supported his decision. The finding was based on substantial evidence in the form of Plaintiff's own testimony regarding the nature of her job and a form she had filled out stating that she sat for approximately seven hours per day.[4] It is not this Court's job to re-weigh evidence, and provided that an ALJ's decision is based on substantial evidence, this Court will not overturn it. Here, the ALJ adequately supported the notion that Plaintiff could perform her prior work as a Customer Service Representative. Most of Plaintiff's argument to the contrary is that the ALJ should have credited her testimony at the January 2020 hearing over the Adult Disability Report and her prior testimony. However, the ALJ was not required to do so. Plaintiff tries to reconcile the discrepancies between her original descriptions (seven hours sitting, 80 percent of the day typing, etc.) and her subsequent explanations (*e.g.*, standing 1-2 days per week, lifting more than 10 pounds frequently) by saying that she had been attempting to "simplify." While that is certainly a reasonable framing

---

[4] Plaintiff has suggested this document may have been filled out by a case worker taking Plaintiff's information over the phone. This is not a relevant distinction, as long as the information contained in the document is accurate, which Plaintiff does not challenge.

of the evidence, an equally reasonable view is that there are irreconcilable discrepancies between the way Plaintiff described her job in 2011-2012 and the new evidence in 2020. The ALJ was not required to accept the Plaintiff's new explanation, and the Court is not permitted to force Plaintiff's preferred reading of the evidence on the ALJ. The question before the Court is whether the ALJ's finding was supported by substantial evidence. In this case, most of the evidence prior to 2020 supported the ALJ's finding that Plaintiff's prior work was sedentary, and the ALJ was supported in relying on this evidence to reach his conclusions. Therefore, the Court also rejects this argument and denies Plaintiff's motion on these grounds.

Finally, Plaintiff asserts the ALJ's credibility determination requires remand. If "an ALJ gives specific reasons supported by the record, we will not overturn his credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). Here, the ALJ noted Plaintiff did not pursue an aggressive treatment regimen for her impairments, and considered two possible reasons to account for that fact – lack of insurance and access to transportation. (R. 387.) The ALJ noted that Plaintiff can drive, so transportation should not be an issue. *Id*. The ALJ also found that Plaintiff "denied any lapses in health insurance coverage that would limit her ability to obtain treatment." *Id*. While it is true Plaintiff went off her private insurance after leaving her job, the record shows she continued to seek treatment with her primary care physician after losing her private insurance. (R. 428.) And Plaintiff did not testify that lack of insurance precluded her from seeking more aggressive treatment. The Court cannot say that the ALJ's finding on this issue was patently wrong and will not remand on this issue.

IV. **Conclusion**

As detailed above, Plaintiff's motion for summary judgment (Dkt. 19) is DENIED and Defendant's motion for summary judgment (Dkt. 24) is GRANTED.

7

**ENTERED:  APRIL 11, 2021**

_____
Susan E. Cox,
United States Magistrate Judge